**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CHAPTER 7** |
| TIMOTHY M. RIFE | ) | |
| | ) | **CASE NO. 01-04702** |
| Debtor. | ) | |
| _____ | ) | _____ |
| | ) | |
| SUSIE FERN RIFE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ADVERSARY PROCEEDING** |
| | ) | **NO. 06-07011** |
| TIMOTHY M. RIFE | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM DECISION

The matter before the Court is the Motion to Remand filed by Susie Fern Rife, the Plaintiff, requesting this Court remand the matter to the Circuit Court of Buchanan County, Virginia and dismiss and close this adversary proceeding, or in the alternative, stay this adversary proceeding pursuant to 28 U.S.C. § 1334 and 1452(b). The Plaintiff's Motion to Remand was heard on March 7, 2006. At such time, the Court took the Motion under advisement and requested written argument from counsel. Both parties have since submitted written arguments to the Court. The matter is now ready for decision. For the reasons set out below, the Court concludes that the Plaintiff's Motion to Remand should be granted.

FINDINGS OF FACT

1. The Plaintiff, Susie Fern Rife, and the Defendant, Timothy M. Rife, were married on May 26, 1980 in Buchanan County, Virginia.

2. The parties separated on January 22, 2001 and subsequently entered into a Separation Agreement on January 26, 2001. The Separation Agreement provided that the Plaintiff would have possession of the 1986 Chevrolet Corvette and the 1993 Chevrolet Cavalier and that the Defendant would assume responsibility for all marital debts, including the balances due on both the 1986 Chevrolet Corvette and 1993 Chevrolet Cavalier. Further, the Plaintiff waived her claim for present or future spousal support.

3. On or about May 14, 2001, the Plaintiff instituted divorce proceedings in the Circuit County of Buchanan County, Virginia.

4. On August 15, 2001, the Circuit Court of Buchanan County entered a final decree of divorce on the grounds that the parties lived separate and apart for more than six months. The Separation Agreement dated January 26, 2001 was affirmed, ratified and incorporated into the final decree.

5. On November 8, 2001, the Defendant filed a voluntary petition in this Court for relief under Chapter 7 of the Bankruptcy Code. On Schedule D, the Defendant listed Miners & Merchants Bank with a claim of $4,251.09 on a 1986 Corvette valued at $9,850.00.[1] The Plaintiff is listed as a co-debtor on this claim. The Defendant filed a Statement of Intention in which he indicated his plan to surrender the 1986 Corvette to Miners &

---

[1] Miners & Merchant Bank filed a proof of claim on November 20, 2001 in the amount of $3,902.00 secured by a 1986 Corvette.

      Merchants Bank.  The 1993 Chevrolet Cavalier is not provided for in the Defendant's Schedules and no proof of claim was filed relating to the vehicle.

6. Five days after the Defendant filed bankruptcy, November 13, 2001, the Plaintiff filed two motions in the Circuit Court of Buchanan County.  First, she filed a Motion to Reinstate the case on the state court's docket.  Second, the Plaintiff filed a Motion for Entry of Rule to Show Cause alleging that the Defendant had failed to make payments on the 1986 Corvette and the 1993 Cavalier as directed in the Separation Agreement. This Motion was supported by an Affidavit signed by the Plaintiff stating that the Defendant failed to make the August, September, October and November 2001 payments on the 1993 Cavalier and the September and October 2001 payments on the 1986 Corvette.

7. Counsel for the Defendant sent a letter dated November 21, 2001 to the Circuit Court of Buchanan County and counsel for the Plaintiff objecting to both motions filed by the Plaintiff on November 13, 2001 on the grounds that the automatic stay pursuant to 11 U.S.C. § 362  prohibits any action to collect a debt while a bankruptcy is pending and requesting Plaintiff's counsel to schedule a hearing on the motions if he wished to do so.[2]

8. On December 6, 2001, the first meeting of creditors pursuant to 11 U.S.C. § 341 was held in Big Stone Gap, Virginia.  At such time, the Defendant was examined by the Chapter 7

---

[2] On February 8, 2002, counsel for the Plaintiff noticed her Motion to Reinstate and Motion for Entry of Rule to Show Cause for hearing on February 13, 2002.  An Amended Notice of Hearing was filed on March 7, 2002 scheduling a hearing on both of the Plaintiff's motions for March 20, 2002. On March 21, 2002, a Second Amended Notice of Hearing was filed scheduling both of the Plaintiff's Motions for hearing on March 26, 2002.

        Trustee. The Plaintiff was also present at this meeting. The Plaintiff's counsel[3] questioned the Defendant about the valuation of real property as provided in Schedule A, but did not ask the Defendant about any marital debts or his obligations pursuant to the Separation Agreement.

9. On February 5, 2002, this Court entered an order discharging the Defendant from all personal liability for debts existing on the date his bankruptcy petition was filed and prohibiting all creditors from attempting to collect any such debt.[4] By an order of the same date, the Defendant's bankruptcy case was closed.

10. On or about March 27, 2002, the Plaintiff's Motion to Reinstate and her Motion for Entry of Rule to Show Cause was heard via telephone conference call, in which counsel for the Plaintiff and counsel for the Defendant participated.

11. Subsequently, the state court entered an order on April 24, 2002 requiring the Defendant to appear on May 2, 2002 to show cause why he should not be fined or imprisoned for the alleged violations of the Separation Agreement.

12. Plaintiff's counsel filed a Notice of Hearing on April 16, 2002 advising that on May 2, 2002, he would move the state court to find the Defendant in contempt pursuant to the Rule to Show Cause entered on April 24, 2002. Further, Plaintiff's counsel stated he would move the state court to set aside the Separation Agreement "by virtue of actual or

---

[3] The Plaintiff was not represented at the 341 meeting by the attorney representing her in this proceeding.

[4] The Court notes that other than attending the 341 meeting on December 6, 2001 with counsel the Plaintiff did not participate in the Defendant's Chapter 7 bankruptcy case. She did not file a proof of claim or an adversary proceeding either to determine the dischargeability of any claim arising from the Separation Agreement or to object to the Defendant's discharge.

4

        constructive fraud and/or fraud in the inducement". (Notice Hr'g ¶ 1.)

13. The parties agree that a hearing was held in state court on May 2, 2002 and that the court scheduled an evidentiary hearing on the Plaintiff's oral Motion to Set Aside the Separation Agreement on the grounds that it had been procured by fraud for November 6, 2002 and continued the Rule to Show Cause to that same date. An order reflecting the May 2, 2002 hearing was never entered by the Circuit Court of Buchanan County.

14. A hearing was not held on November 6, 2002 as the parties appeared and negotiated a resolution of the matter. The parties never reduced this agreement to writing. Consequently, the state court was asked to determine whether the oral settlement reached on November 6, 2002 would be binding on the parties. The state court requested that the parties provide written authority on the issue. Accordingly, counsel for the Plaintiff submitted written argument to the state court by letter dated May 27, 2003 and the Defendant filed his brief with the state court on April 7, 2003.

15. The state court issued a letter opinion dated June 10, 2003 finding that the parties were not bound by the oral settlement agreement pursuant to Va. Code § 20-155.

16. On June 24, 2005, the Plaintiff filed a Motion to Compel the Defendant's deposition.

17. The Defendant filed a Motion for Protective Order on August 15, 2005 seeking to prevent the taking of the Defendant's deposition.

18. The parties agree that a hearing was held in state court on November 10, 2005. At such time, the court granted the Plaintiff's Motion to Compel and denied the Defendant's Motion for Protective Order. An order setting forth such ruling was not entered by the Circuit Court of Buchanan County.

19. On December 12, 2005, the Defendant filed a Motion to Stay Proceedings for the purpose of obtaining certain rulings from the bankruptcy court concerning the effect of the discharge injunction. On that same day, a hearing was held on the Plaintiff's Motion to Compel and the Defendant's Motion to Stay Proceedings. The state court granted the Plaintiff's Motion for Sanctions by directing the Defendant to pay $1,000.00 in attorneys' fees and $500.00 in costs and denied the Defendant's Motion to Stay Proceedings. No order reflecting the December 12, 2005 was entered by the Circuit Court of Buchanan County.

20. The Defendant filed a Motion to Reopen his bankruptcy court in this Court on January 12, 2006.

21. An order reopening the Defendant's bankruptcy case was entered on January 17, 2006.

22. The Defendant commenced this adversary proceeding on January 20, 2006 by filing a Notice of Removal; thus removing the action pending in the Circuit Court of Buchanan County to this Court and asking the Court "to find or determine that the maintenance or continuation of the State Court Action or any other proceedings to collect pre-petition debt against [the Defendant] constitutes a violation of the Section 524(a)(2) discharge injunction which may be punished as a contempt of this Court and award sanctions to compensate [the Defendant]." (Notice of Removal ¶ 8.)

23. On February 6, 2006, the Defendant filed an Answer in this adversary proceeding asserting the affirmative defenses of res judicata, waiver, discharge in bankruptcy and violation of the discharge injunction against the Plaintiff's Motion to Set Aside the Separation Agreement and the state court's Rule to Show Cause.

24. On February 17, 2006, the Plaintiff filed the Motion to Remand which is currently before the Court. In support of her Motion, the Plaintiff argues that the Defendant failed to timely remove the action from state court to this Court, equity requires that the case be remanded to state court "in order to avoid the duplication of judicial resources, comity considerations, and to prevent blatant forum shopping" (Pl.'s Mot. Remand 7) and that under Virginia law the Plaintiff is entitled to require the Defendant to indemnify her pursuant to the Separation Agreement.

25. On February 27, 2006, the Defendant filed a Motion for Award of Sanctions and Injunctive Relief against the Plaintiff and her counsel to redress the violation of the discharge injunction[5] and a Motion for Summary Judgment.

26. On March 29, 2006, the Defendant filed an Answer to the Motion to Remand contending that the state court action was timely removed to this Court as reopening of a closed bankruptcy case is a prerequisite to a valid removal of a state court action citing *In re Iannacone,* 21 B.R. 153 (Bankr. D. Mass. 1982) and *In re Carter*, 38 B.R. 636 (Bankr. D. Conn. 1984). The Defendant reasons that the state court proceeding did not become removable until April 24, 2002 upon the state court's entry of an order requiring the Defendant to appear on May 2, 2002 to show cause why he should not be fined or

---

[5] While it is unnecessary for the Court to rule upon the Defendant's Motion for Sanctions because of its ruling on the Plaintiff's Motion to Remand, the Court does note that the Plaintiff's actions in state court which seek to compel the Defendant's payment of discharged debts is a violation of the discharge injunction. *See In re Fluke,* 305 B.R. 635 (Bankr. D. Del. 2004); *In re Tostige,* 283 B.R. 462 (Bankr. E.D. Mich. 2002). This Court believes that whether under Virginia state law there is a basis to enter, at this point, a decree requiring the Defendant to pay the Plaintiff alimony on the ground of the Defendant's alleged fraud at the time of the making of the Separation Agreement is a matter of state law more appropriately dealt with in that venue.

imprisoned for the alleged violations of the Separation Agreement. At such time, the Defendant's bankruptcy case was closed; thus the Defendant contends that the time period for removal set forth in Bankruptcy Rule 9027(a)(3) does not apply and the case was timely removed by the filing of the Notice of Removal on January 20, 2006. Additionally, the Defendant alleges

> [r]emoval of the State Court Action unites the federal law issues of discharge of the automobile debt by reason of failure to commence a § 523(a)(15) adversary action and enforcement of the discharge injunction together in the only forum with jurisdiction to decide both questions. Comity with the state court is simply not an issue when that court never had subject matter jurisdiction in the first place.

(Def.'s Answer to Pl.'s Mot. Remand 12 (citations omitted).)

27. The Plaintiff filed a Reply to the Defendant's Answer on April 10, 2006 contending that the Defendant's position fails in that he characterizes the state court action as an attempt to compel the Defendant "to make payments for two automobiles called for in the Separation Agreement." (Def.'s Answer to Pl.'s Mot. Remand 6.) Rather, in the state court action the Plaintiff seeks to rescind the Separation Agreement, amend the divorce decree as it relates to support, and to require the Defendant to indemnify the Plaintiff. The Plaintiff argues

> If ever there were a case that should be remanded for equitable considerations, surely this is it. Defendant relief for over four (4) years upon Virginia state law and procedure. During that period of time, defendant sought, obtained, and relied upon, from the State Court, ruling that materially affected the outcome of his case. By moving the State Court for a protective order on the ground that the debts had been discharged, he sought a ruling from a Court which he now argues had no jurisdiction to answer the question in the first place. Not surprisingly, when he received an unsatisfactory answer, along with sanctions, he turned his efforts to this court.

8

(Plf.'s Reply to Def.'s Answer to Pl.'s Mot. Remand 7.)

CONCLUSIONS OF LAW

The Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determination of the dischargeability of particular debts is a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure sets the forth the applicable time for removing a civil action pending in state court to bankruptcy court. The version of Rule 9027(a)(3) in effect at the time the state court proceeding was commenced for removal purposes[6] provides:

> If a case under the Code is pending when a claim or cause of action is asserted in another court, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3) (amended effective December 1, 2002). The Defendant argues that the time requirements set forth in Rule 9027(a)(3) do not apply in this instance because such section "applies to the situation in which the [bankruptcy] case . . . is pending when the removable claim or cause of action is asserted in a civil action initiated in other than the

---

[6] The Plaintiff contends the state court proceeding was commenced on November 13, 2001 by her filing of the Motion to Reinstate and Motion for Entry of Rule to Show Cause. The Defendant alleges the state court proceeding was commenced for removal purposes when the state court entered an order on April 24, 2002 requiring the Defendant to appear and show cause why he should not be fined or imprisoned for the alleged violations of the Separation Agreement. Both of these dates are governed by the same version of Rule 9027(a)(3).

bankruptcy court." Advisory Committee Note on Rule 9027 (1983).   Because the bankruptcy case was closed when the state court entered the April 24, 2002, the Defendant contends that the state court action was timely removed to this Court as reopening of a closed bankruptcy case is a prerequisite to a valid removal of a state court action, citing *In re Iannacone,* 21 B.R. 153 (Bankr. D. Mass. 1982) and *In re Carter*, 38 B.R. 636 (Bankr. D. Conn. 1984). In *Iannacone*, the bankruptcy court stated "since the state court action was initiated after the bankruptcy case was closed and removal under 28 U.S.C. § 1478(c) may be had only during the pendency of the bankruptcy case, removal is not possible absent a reopening." 21 B.R. at 155.  Similarly, in *Carter* the debtor sought to remove the state court action to bankruptcy court pursuant to 28 U.S.C. § 1478; thus the bankruptcy court reasoned "[s]ince a state-court action may be removed to the bankruptcy court only if a [bankruptcy] case is pending,  the debtor filed [a motion to reopen the bankruptcy case]." 38 B.R. at 638.  Section 1478 was repealed by the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, § 113, Title I (1984).  The successor statute to section 1478 is 28 U.S.C. § 1452, which was effective July 10, 1984.  Accordingly, the instant case is governed by section 1452.

Section 1452(a) provides "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." Jurisdiction under section 1334 applies to civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code. *See* 28 U.S.C. § 1334(b).

The bankruptcy court in *In re Hofmann,* 248 B.R. 79 (Bankr. W.D. Tex. 2000) was presented with a factual scenario similar to the one presented in this case.  While the

10

debtor's bankruptcy case was pending, the debtor filed a lawsuit in state court against the mortgagee with a lien on the debtor's homestead alleging that the "lien was invalid on numerous grounds, including fraud, duress, mental incompetence, usury, and failure to make proper disclosures as required by state and federal law." *Id.* at 81. The bankruptcy case was open when the state court lawsuit was filed and when the mortgagee was served. *Id.* The state court lawsuit proceeded and the debtor obtained a temporary restraining order and temporary injunction barring the mortgagee from foreclosing on the debtor's property. *Id.* Almost two months after the bankruptcy case was closed, the debtor moved to reopen his bankruptcy case and the bankruptcy court entered an order reopening the case on November 14, 1999. *Id.* On January 20, 2000, the mortgagee filed a notice of removal; thus removing the state court action to the bankruptcy court. *Id.* Subsequently, the debtor filed a motion to remand the case to state court alleging that the removal was untimely under Rule 9027. *Id.* at 82.

The bankruptcy court determined that Rule 9027(a)(3)[7] governed because the debtor filed and served the mortgagee with the state court lawsuit before his bankruptcy court case was closed. *Id.* at 86. Consequently, the mortgagee would have had thirty days from the date it was served with the state court lawsuit to file a notice of removal. *Id.* The bankruptcy case, however, was closed before this thirty day period expired. *Id.* The bankruptcy court reasoned

> Once the bankruptcy case was closed, however, there was no longer a federal case pending in which to file the notice of removal - much less a federal case to afford [the mortgagee] the jurisdictional hook to justify such

---

[7] The version of Rule 9027(a)(3) in effect at the time the state court proceeding was commenced in *Hoffman* is the same version of the rule in effect at the time the state court action was commenced in this case.

> a removal. It looks as though [Rule 9027], as written, fails to account for the situation in which litigation is filed close to the conclusion of a bankruptcy case.

*Id.* at 86 (citation omitted). The mortgagee argued that the bankruptcy court should find that the thirty day time frame for removal should begin to run from the date the case was reopened. *Id.* at 86-87. Alternatively, the mortgagee urged the bankruptcy court to apply Rule 9027(a)(2) by treating the order reopening the case as the equivalent of a new order for relief; thus rendering the state court litigation pending as of the reopening of the bankruptcy case. *Id.* at 87. The bankruptcy court determined that both of the mortgagee's suggestions required it to ignore the language and structure of Rule 9027 and to adopt a meaning of reopening of a case that "would substantially alter the structure of the Bankruptcy Code." *Id.*

> Rule 9027, after all, says nothing at all about measuring time frames from an order "reopening" a case. The time runs from the initiation of the litigation (if subsection (a)(3) applies) or from the initiation of the bankruptcy case (if subsection (a)(2) applies). The assumption behind both of these time lines is that removal happens in the context of an open bankruptcy case, but that, if it is going to be done at all, it ought to be done promptly so that it does not excessively interfere with the due administration of the nonbankruptcy litigation. Otherwise, the threat of removal could hang as a Sword of Damocles over the litigation, inviting opportunistic behavior on the part of litigants and thoroughly disrupting the presiding court's efforts at managing its own docket. A fair reading of the Rule, in light of its intended function to balance the competing interests of centralized bankruptcy administration, prevention of abuse on the part of bankruptcy estate players, and promoting judicial economy in both state and federal forums means that the time limits imposed by the Rule are as important to the nonbankruptcy litigation as they are to the bankruptcy process. There is a "speak-now-or-forever-hold-your-peace" feel to the deadlines imposed by Rule 9027(a)(2) and (a)(3).
>
> Even more critical, however, is that [the mortgagee's] proposal that we measure from the order reopening would fundamentally alter some very basic bankruptcy concepts. When a bankruptcy case is reopened, the original date for the "order for relief" is not altered. Neither is the date for "commencement of the case." These two dates play critical roles in the

> bankruptcy process, defining what property interests come into the estate as property of the estate, and what property interests fall outside because they happen to arise after the commencement of the case, for example. Preference periods run from the date of commencement of the case. Exemption rights are set by the order for relief date. Claims are defined by whether they arise before or after the order for relief. Nothing in section 350(b), which authorizes the reopening of bankruptcy cases, even vaguely suggests an alteration of these critically important dates.

*Id.* (citations omitted). The bankruptcy court concluded that the time deadlines in Rule 9027(a)(3) apply even if the bankruptcy case is closed after the state court litigation is filed because the party seeking to remove the state court action to bankruptcy court "has an adequate means to achieve that end - it need merely file a motion to reopen." *Id.* at 89.

This Court concludes that the *Hofmann* court decision is consistent with its own interpretation of Rule 9027 and is supported by the 2002 amendment to Rule 9027(a)(3), which clarified that "if a claim or cause of action is initiated after the commencement of a bankruptcy case, the time limits for filing a notice of removal of the claim or cause of action apply whether the case is still pending or has been suspended, dismissed or closed." Advisory Committee Note on Rule 9027 (2002). Even assuming that service of the Plaintiff's Motion for Entry to Show Cause on the Defendant did not trigger the removal time period, the state court's April 24, 2002 order requiring the Defendant to appear and show cause why he should not be fined or imprisoned for the alleged violations of the Separation Agreement certainly did. Upon entry of this order, all the Defendant needed to do in order to remove the pending state court action to bankruptcy court was to move the bankruptcy court to reopen the case. Instead, the Defendant chose to continuing litigating the matter in state court for nearly four years before filing a motion to reopen his bankruptcy case. The *Hofmann* court recognized that such a situation could occur if Rule 9027(a)(3) was interpreted as the Defendant suggests.

13

> [L]et us suppose that, for whatever reasons, the bankruptcy case was never reopened . . . . Would defendants claim a continuing entitlement to remove the case to federal bankruptcy court anyway, premised on the 30 day time frame spelled out in Rule 9027(a)(3)? Measured from what date? Open for how long? Depending on whether, someday, someone opened the bankruptcy case? The questions are, of course, rhetorical - they are their own answer.

*In re Hofmann,* 248 B.R. 79, 88 n.17. This Court agrees. Accordingly, the time deadlines in Rule 9027(a)(3) apply even if the bankruptcy case is closed when the state court action is commenced. From this it follows that the Defendant was required to file his Notice of Removal no later than thirty (30) days after April 24, 2002. The Defendant, however, did not file the Notice of Removal until January 20, 2006. As such, the removal of the pending state court action to this Court is improper as untimely. An order granting the Plaintiff's Motion to Remand will be entered contemporaneously with the signing of this decision.

In doing so the Court does not wish to imply that the question of the Defendant's liability for making any payments under the Separation Agreement or the Divorce Decree which are not in the nature of "support" within the meaning of 11 U.S.C. § 523(a)(5) is now "up for grabs" in the state court. The Plaintiff had the full opportunity to file an adversary proceeding in this Court to determine that other obligations arising out of the marriage were non-dischargeable pursuant to 11 U.S.C. § 523 (a)(15). She failed to do so. Accordingly, it is clear that any such obligations were discharged. The pleadings filed in the state court indicate an intent both to enforce an obligation on the Defendant's part to make car payments under the Separation Agreement and to seek alimony outside of the Separation Agreement. To the extent that the Plaintiff seeks to have the state court hold the Defendant in contempt for failure to pay obligations which were discharged in the bankruptcy case, she runs the risk of facing the

consequences of a proceeding in this Court seeking sanctions for violating its discharge injunction. The ruling of this Court on the Motion to Remand is without prejudice to the Defendant's right to file a motion in this Court seeking to enforce its injunction. *See In re Haas*, No. 04-11534, 2004 Bankr. LEXIS 2216 (Bankr. E.D. Va. Dec. 22, 2004); *In re Dill*, 300 B.R. 658 (Bankr. E.D. Va. 2003).

This 11th day of May, 2006.

_____
UNITED STATES BANKRUPTCY JUDGE